■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. NICHOLSON, Appellant. — Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered December 13, 1982, convicting defendant upon his plea of guilty of two counts of the crime of sexual abuse in the first degree. On June 4, 1982, defendant was charged in an indictment with rape in the first degree (two counts) and sexual abuse in the first degree (two counts) stemming from incidents during the summer of 1979 involving two minors, each of whom was less than 11 years old. After defendant's motion to dismiss counts one and two of the indictment was denied, he entered a plea of guilty to both counts of sexual abuse and thereafter was sentenced to concurrent terms of two and one-third to seven years' imprisonment. On this appeal, defendant primarily urges that the trial court erred in refusing to dismiss counts one and two of the indictment on the grounds that (1) neither count was sufficiently specific as to when the alleged crimes occurred and (2) each count charges more than one crime. With respect to the first contention, we note that any claim of insufficiency in the factual allegations of an indictment is waived upon entry of a guilty plea (*People v Iannone,* 45 NY2d 589, 600-601). Similarly, defendant's objections to the various counts of the indictment on the ground of duplicity were effectively waived by his plea of guilty. We recognize that such a plea does not waive defects jurisdictional in nature, which can even be raised for the first time in the Court of Appeals (*People v Patterson,* 39 NY2d 288, 295, affd 432 US 197). *People v Iannone (supra),* however, makes clear the limited scope of what is considered a truly jurisdictional deficiency in an indictment. "In essence, an indictment is jurisdictionally defective only if it does not effectively charge the defendant with commission of a particular crime" (*id.,* at p 600). Obviously, defendant's objection on the ground of duplicity is not directed to the failure of any count to effectively charge him with the commission of a crime, but rather, that it effectively charges him with the commission of more than one crime. Therefore, the conclusion seems inescapable that duplicity is the kind of objection which is only directed to the form of the indictment and is waived by a guilty plea. This conclusion is reinforced by the decision rejecting review of a claim of duplicity in *People v Fremd* (41 NY2d 372). There the Court of Appeals held: "We need not pass on

whether Count X is defective or void for duplicity * * * since defendant is precluded at this juncture from relief in that respect, even if warranted, because of his failure to cross-appeal to the Court of Appeals" (*id.*, at p 376 [citations omitted]). Since jurisdictional objections are reviewable in the Court of Appeals even if never interposed below (*People v Iannone, supra,* p 600; *People v Patterson, supra*), the necessary implication is that an objection based upon duplicity is not jurisdictional in nature. Accordingly, any defect in the indictment based upon duplicity was waived by defendant's guilty plea. Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.