The People of the State of New York, Respondent, v Elizabeth Woodruff Palmer, Appellant.

Third Department, June 13, 1985

### APPEARANCES OF COUNSEL

*Steven L. Barcus* for appellant.

*James T. Hayden, District Attorney,* for respondent.

### OPINION OF THE COURT

Mahoney, P. J.

The sole issue presented on this appeal is whether the conduct alleged in the indictment constitutes the crime of scheme to defraud in the first degree (Penal Law § 190.65), to which defendant pleaded guilty, or, since such conduct consisted of defendant uttering a series of 10 bad checks, she should have been more appropriately indicted for either the crime of petit larceny (Penal Law § 155.25) or issuing a bad check (Penal Law § 190.05).

Defendant contends that Penal Law § 190.65 (scheme to defraud in the first degree) does not apply to situations in which the issuance of multiple bad checks is performed for the purpose of defrauding multiple victims, and relies on citations which disallow the aggregation of thefts from separate victims for the purpose of surpassing the sum necessary to allege grand larceny. The People argue that the very purpose of Penal Law § 190.65 is to provide a mechanism to deal more severely with offenders who engage in a systematic course of conduct for the

purpose of defrauding multiple victims of relatively small amounts of money.[*]

In order to resolve the issue of whether an individual who has uttered at least 10 bad checks with the intent to defraud 10 or more persons, and obtain property from one or more of such persons, has committed the crime of scheme to defraud, it is necessary to determine the essence of the crime. This crime is derived from the Federal crime of using the mails to defraud (18 USC § 1341) and is essentially a consumer protection measure. Since the types of conduct proscribed by Penal Law § 190.65 are already encompassed within the crime of larceny accomplished by means of false pretense or false promise contained in Penal Law § 155.05, we must ascribe to the Legislature an intent to carve out a means to punish those who would defraud multiple victims of varying sums of money as part of a scheme to defraud consumers generally. Viewed in that light, we conclude that the essence of the crime of scheme to defraud, of which defendant was convicted, is the nefarious character of the scheme rather than the dollar loss of the victims. It is the presence of fraud rather than larceny that distinguishes Penal Law § 190.65 from Penal Law § 155.05.

Further evidence of this distinction between fraud and larceny is shown by the structure of the Penal Law. Section 155.05 is contained in title J, entitled "Offenses Involving Theft", while section 190.65 is contained in title K, entitled "Offenses Involving Fraud". Thus, the Legislature chose to continue the provisions of section 155.05 for the purpose of prosecuting those who issue a bad check for the purpose of obtaining money or property, while enlarging the crime when one "(a) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons * * * by * * * fraudulent pretenses, representations or promises, and (b) so obtain property from one or more such persons" (Penal Law § 190.65 [1]). Thus, we perceive no conflict between the provisions of Penal Law §§ 155.05 and 190.65. The former can be utilized to charge the bad check issuer whose sole intent is larceny, while the latter section can be utilized to apprehend the individual who, with a fraudulent intent, schemes to victimize large numbers of people (see generally, People v Lennon, 107 Misc 2d 329).

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed.

---

[*] Between December 20, 1983 and April 21, 1984, defendant issued bad checks to 10 business houses. Only two checks exceeded $100 in amount. The total amount of the checks was $733.17.