■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE CABAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered July 20, 1984, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree, criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant waived his objection that the indictment was duplicitous by failing to raise the issue before the trial court (see, People v Branch, 73 AD2d 230, 234-235). While a claim that an indictment is jurisdictionally defective may be raised for the first time on appeal "an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (People v Iannone, 45 NY2d 589, 600). A claim that an indictment is duplicitous (CPL 200.30 [1]) is not directed to the failure of any count to effectively charge the defendant with the commission of a crime, but rather to the fact that it effectively charges him with the commission of more than one crime. Thus, the defendant's failure to raise the issue of duplicity at the trial level precludes him from raising it on appeal (see, People v Branch, supra; People v Nicholson, 98 AD2d 876).

We have examined the defendant's remaining contentions, including the claim that his sentence was excessive, and find

them to be without merit. Thompson, J. P., Brown, Niehoff and Rubin, JJ., concur.