■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. POLLAY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant entered a plea of guilty to custodial interference in the second degree in full satisfaction of an indictment charging him with three counts of custodial interference in the first degree. On appeal, he seeks reversal on the ground that the indictment is jurisdictionally defective. We disagree. Each count of the indictment contains specific reference by name and section to the statute allegedly violated and alleges the commission of every element of that crime. Accordingly, it fulfilled the jurisdictional requirements for an indictment (see, People v Motley, 69 NY2d 870; People v Cohen, 52 NY2d 584; People v Iannone, 45 NY2d 589, 599). By entering a plea of guilty, defendant forfeited his right to appellate review of claims concerning the lack of factual detail in the indictment or the proper interpretation or application of the statute allegedly violated (see, People v Levin, 57 NY2d 1008, 1009, rearg denied 58 NY2d 824; People v Thomas, 53 NY2d 338, 340; People v Botshon, 135 AD2d 1107, 1109, affd 73 NY2d 732). (Appeal from judgment of Wayne County Court, Parenti, J.—custodial interference, second degree.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.