■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AIELLO, Appellant.—Levine, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered July 18, 1988, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant was arrested on October 29, 1987 while seated in an automobile in the City of Kingston, Ulster County. City of Kingston police officers took him into custody pursuant to a parole violation arrest warrant and a bench warrant from New York City, the existence of which was made known to them by a police teletype. A pistol, ammunition and a hypodermic needle were found in the vehicle and glassine envelopes containing heroin and cocaine were taken from defendant's person. Defendant's apartment was searched pursuant to a search warrant, resulting in the seizure of additional drugs and drug paraphernalia. After being given *Miranda* warnings, defendant made incriminating admissions to the police.

Following indictment on various weapons and drug-related charges, defendant moved to suppress his confession and the evidence seized from his person and his apartment. After a hearing, County Court suppressed the evidence taken from defendant's apartment and denied the motion in all other respects. Defendant also moved to dismiss the fourth count of the indictment, charging commission of the crime of criminal possession of a controlled substance in the fourth degree, upon the ground that the evidence before the Grand Jury was insufficient to establish the offense. This motion was also denied by County Court. Thereafter, defendant pleaded guilty to the fourth count of the indictment in full satisfaction of all charges and received a bargained-for indeterminate sentence of 4 to 8 years' imprisonment. This appeal ensued.

The first ground for reversal asserted by defendant attacks County Court's denial of his motion to suppress his statement. At the suppression hearing, it was brought out that the bench warrant, concerning which the arresting officers had the teletype message, arose out of a then outstanding criminal charge in New York City. Defendant now contends that his statement should have been suppressed because the police failed to inquire as to whether defendant was represented by counsel in that outstanding New York City criminal case before interrogating him (citing, *inter alia, People v Bartolomeo,* 53 NY2d 225). This argument is unavailing. First, the police credibly denied any awareness of the existence of the outstanding charge at the time of the arrest. Second, even if knowledge of the bench warrant should have put the arresting officers on notice of an outstanding charge, there is no evidence in the record, including defendant's testimony at the suppression hearing, establishing that he in fact was represented on the unrelated charge at the time of his arrest, a

necessary element of the *Bartolomeo* rule *(see, People v Bartolomeo, supra,* at 229). Consequently, the record is insufficient to establish a basis for review of this particular objection, which was not included within defendant's formal motion to suppress nor expressly raised at the hearing *(see, People v Washington,* 111 AD2d 418, *lv denied* 66 NY2d 768; *People v Donovon,* 107 AD2d 433, 441).

The only other significant point raised by defendant concerns the denial of his motion to dismiss the fourth count of the indictment (criminal possession of a controlled substance in the fourth degree [Penal Law § 220.09 (1)]), the charge to which he ultimately pleaded guilty. That count alleged that, on the date of his arrest, defendant possessed "one or more * * * substances of an aggregate weight of one eighth ounce or more containing a narcotic drug, to wit, *cocaine and heroin*" (emphasis supplied). In moving to dismiss the fourth count, defendant relied on a State Police laboratory report, obtained through discovery, showing that the quantities of heroin and cocaine seized from his person each weighed less than one eighth of an ounce. Therefore, as defendant pointed out, the violation of Penal Law § 220.09 (1) was only established by aggregating the weights of defendant's heroin and cocaine. The basis of defendant's motion to dismiss was that in the statutory definition of the crime, the drug quantity element is stated in the singular, i.e., "one-eighth ounce or more containing a narcotic drug" (Penal Law § 220.09 [1]), and that this should be given literal effect to require possession of at least one eighth of an ounce of a *single* narcotic drug, not a combination of such drugs.

Even if defendant's interpretation of the statute is correct, however, he has forfeited appellate review of the error by reason of his guilty plea. Appellate review of pleading deficiencies in an indictment is precluded by a guilty plea unless the defect is jurisdictional, i.e., a failure effectively to charge the commission of a crime *(People v Iannone,* 45 NY2d 589, 600). Here, the allegations in the fourth count of the indictment facially recite each material element of the crime charged, the requisite possession of at least one eighth of an ounce of a narcotic drug. The allegations are consistent with such possession of either cocaine or heroin, or both. Thus, the pleading defect in the fourth count of the indictment is more one of duplicity than the failure to state a crime. The absence of the necessary quantity of either drug alone is only established here through the extrinsic facts contained in the State Police laboratory report, and this does not render the count

jurisdictionally defective *(see, People v Motley,* 119 AD2d 57, 58-59, *affd* 69 NY2d 870). A duplicitous indictment is not jurisdictionally defective *(People v Caban,* 129 AD2d 721, *lv denied* 70 NY2d 644; *People v James,* 98 AD2d 863, 865; *People v Branch,* 73 AD2d 230, 234-235). Hence, defendant forfeited review of the issue by his guilty plea *(see, People v Levin,* 57 NY2d 1008, 1009; *People v Nicholson,* 98 AD2d 876). Defendant's unilateral attempt at sentencing to preserve the issue on appeal was unavailing *(see, People v Mack,* 53 NY2d 803, 806).

We have examined defendant's remaining points, including his claim that the sentence was excessive, and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Kane, Levine, Mercure and Harvey, JJ., concur.