■ The People of the State of New York, Respondent, v William P. Search, Appellant.—Casey, J. P. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered December 29, 1989, convicting defendant upon his plea of guilty of the crime of scheme to defraud in the first degree.

Defendant was indicted on one count of grand larceny in the fourth degree and two counts of scheme to defraud in the first degree. Pursuant to a negotiated plea bargain, defendant entered a plea of guilty to the second count of the indictment which charged scheme to defraud in the first degree, and he was sentenced as a second felony offender to the most lenient term of imprisonment of 1½ to 3 years. The count to which defendant entered his guilty plea, charged that defendant intended to defraud 10 or more persons, and knowing that the

checks he issued would be dishonored by the drawee, uttered and passed checks drawn on his account and as a result obtained property valued in excess of $1,000.

On this appeal, defendant, citing *People v Thiel* (26 AD2d 897), contends that the indictment in general and the count to which he pleaded in particular are void because the victims of the thefts were different persons and the thefts occurred in different places.

We find defendant's claim untenable. Defendant pleaded guilty to the crime of scheme to defraud in the first degree, not grand larceny. The second count of the indictment, to which defendant entered his plea, was properly pleaded *(see, People v Palmer,* 108 AD2d 545) and is not jurisdictionally defective. There is, therefore, no reason to disturb defendant's negotiated plea to a valid count of the indictment. Defendant's attack on the sentence imposed is likewise meritless. The sentence was the most lenient which could be imposed upon a predicate felon. Accordingly, the judgment of conviction should in all respects be affirmed.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.