■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD TELESCO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Herold, J.), rendered September 12, 1988, convicting him of burglary in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, a review of the record discloses that he was not deprived of the effective assistance of counsel. Defense counsel proceeded as effectively as possible in view of the overwhelming evidence of the defendant's guilt. She made appropriate pretrial motions and obtained pretrial hearings. She vigorously cross-examined the People's witnesses and stressed the inconsistencies in their testimony. She also raised appropriate objections, presented cogent opening and closing arguments, and proceeded as well as possible in light of the defendant's damning statements (see, People v Konits, 159 AD2d 590, 591; People v Cartagena, 128 AD2d 797, 798). We find that the defendant was provided with "meaningful representation" (People v Satterfield, 66 NY2d 796, 800; People v Baldi, 54 NY2d 137, 147).

Furthermore, the defendant's contention that he has been denied due process as a result of a three-year delay in the perfection of his appeal by assigned counsel is without merit. He has failed to demonstrate prejudice resulting from the delay, some of which was attributable to him, and the issues

he has raised on the appeal are without merit *(see, People v Negron,* 173 AD2d 571, 572).

The defendant's remaining contention is unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, does not warrant reversal in the exercise of our interest of justice jurisdiction. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.