■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD MCELHINEY, Appellant. [655 NYS2d 460] —Crew III, J. Appeal from a judgment of the County Court of Saratoga County (Nolan, Jr., J.), rendered January 24, 1996, convicting defendant upon his plea of guilty of the crime of reckless endangerment in the first degree.

In satisfaction of a two-count indictment charging him with assault in the first degree and reckless endangerment in the first degree, defendant pleaded guilty to the latter charge and was sentenced as a second felony offender to a prison term of 2 to 4 years. On appeal, defendant asserts that County Court erred in accepting his guilty plea. We cannot agree. Initially, we note that defendant's challenge to the sufficiency of the plea allocution is not preserved for review because defendant failed to move to withdraw the plea or to vacate the judgment of conviction (*see, People v Claudio,* 64 NY2d 858; *People v Mendez,* 231 AD2d 802). Furthermore, the narrow exception to the preservation doctrine (*see, People v Lopez,* 71 NY2d 662, 666) is not applicable here inasmuch as the record fails to disclose any circumstances that would have warranted further inquiry by County Court prior to accepting defendant's plea (*see, People v Toxey,* 86 NY2d 725, 726; *People v Rafter,* 234 AD2d 711). In any event, the record contradicts defendant's contention that his medical condition prevented him from understanding the significance of his waiver of the right to appeal (*see, People v Sanchez,* 224 AD2d 782). Indeed, during the plea al-

locution, defendant specifically denied that his medical condition was affecting him in any way that would reduce his ability to comprehend the proceeding, and he stated that he understood the ramifications of the waiver of his right to appeal both his conviction and the sentence imposed.

Defendant also contends that he was denied effective assistance of counsel because his counsel's actions precluded him from asserting a viable defense. To the extent that such argument has been preserved (*see, People v Conyers*, 227 AD2d 793, 794, *lv denied* 88 NY2d 982; *People v Wood*, 207 AD2d 1001), there is nothing in the record to demonstrate that the plea-bargaining process was infected by the conduct of defense counsel or that defendant entered the plea because of his counsel's poor performance (*see, People v Lopez*, 212 AD2d 1053, *lv denied* 85 NY2d 976). Notably, defendant, when asked during the plea allocution if he understood that by pleading guilty he was giving up his right to present any defenses, responded in the affirmative.

Finally, defendant's challenge to the sentence imposed is not preserved for review in light of his waiver of the right to appeal the sentence as part of his knowing, intelligent and voluntary guilty plea (*see, People v Nardi*, 232 AD2d 673; *People v Sullivan*, 223 AD2d 893). Nevertheless, were we to consider the merits, we would find that the sentence imposed is neither harsh nor excessive in view of defendant's criminal record and the fact that defendant agreed to such sentence in the plea agreement (*see, People v Jenkins*, 206 AD2d 561).

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.