■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN E. UBRICH, Appellant. [666 NYS2d 825] —Casey, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered October 31, 1995, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Upon pleading guilty to the crime of attempted criminal sale of a controlled substance in the third degree in satisfaction of several other charges pending against him, defendant was sentenced to a term of imprisonment of 1½ to 4½ years. The threshold inquiry on this appeal is the validity of defendant's waiver of his right to appeal. A review of the relevant facts and circumstances surrounding such waiver (*see, People v Seaberg,* 74 NY2d 1, 11) indicates that defendant was not on any drugs or medication at the time of his plea, he discussed the case thoroughly with his attorney, and he was advised in considerable detail by County Court of the rights he would be giving up, including the waiver of his right to appeal. The record further indicates that defendant, who is familiar with the criminal justice system, acknowledged his understanding of the significance of these waivers. In these circumstances, we conclude that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see, People v Moissett,* 76 NY2d 909, 911; *People v Hanna,* 236 AD2d 742, 744, *lv denied* 89 NY2d 1094; *People v Thompson,* 234 AD2d 709, *lv denied* 89 NY2d 1016).

Furthermore, as defendant failed to move to withdraw or vacate his guilty plea, his further challenge to the knowing, voluntary and intelligent nature of said plea is precluded (*see, People v Lopez,* 71 NY2d 662, 665; *People v Rojas,* 238 AD2d 727, 729), and the limited circumstances that would allow such a challenge in the absence of a formal postallocution motion (*see, People v Toxey,* 86 NY2d 725, 726; *People v Lopez, supra,* at 666) are not present here. In addition, to the extent that defendant's claim of ineffective assistance of counsel is preserved for our review (*see, People v Conyers,* 227 AD2d 793, *lv denied* 88 NY2d 982), we find no indication in the record that defense counsel's conduct affected the plea bargaining process or that defendant pleaded guilty as a result of counsel's poor performance (*see, People v McElhiney,* 237 AD2d 827, *lv denied* 90 NY2d 861).

We finally find no merit to defendant's contention that he was denied due process by the 22-month delay in the perfection of his appeal (*see, People v Telesco,* 189 AD2d 902, *lv denied* 81 NY2d 977). Defendant's remaining contentions either lack merit or are not properly before this Court for review.

Mercure, J. P., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.