■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAKYEL JONES, Also Known as RONALD C. BOWEN, Appellant. [674 NYS2d 472] —Crew III, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered September 6, 1995, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant pleaded guilty to the crime of criminal possession of a controlled substance in the second degree in satisfaction of an indictment charging him with conspiracy in the fourth degree, criminal possession of a controlled substance in the first degree and three counts of criminal sale of a controlled substance in the third degree. As part of the plea bargain, defendant waived his right to appeal. He was thereafter sentenced in accordance with a negotiated plea to an indeterminate term of imprisonment of six years to life.

At issue here is the validity of defendant's waiver of his right to appeal. In this regard, a review of the record reveals that defendant had not ingested any drugs or alcohol during the 24-hour period prior to his plea, he had discussed the case thoroughly with his attorney, including any potential defenses that he might have to the then-pending charges, and was advised in detail by County Court as to the rights that he was relinquishing by pleading guilty, including the waiver of his right to appeal. Defendant unequivocally acknowledged his understanding of the significance of these waivers. The record further reveals that defendant was fully familiar with the crim-

inal justice system having previously been thrice convicted of felonies. Under the circumstances, we are satisfied that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see, People v Moissett,* 76 NY2d 909, 911).

To the extent that defendant claims that his plea was the result of ineffective assistance of counsel, it is clear that defendant received an extremely advantageous plea, and nothing in the record suggests that counsel's conduct affected the plea-bargaining process or that the plea was the result of counsel's poor performance (*see, People v Ubrich,* 245 AD2d 886, 887, *lv denied* 91 NY2d 945; *see also, People v Perkins,* 245 AD2d 956, 959-960, *lv denied* 91 NY2d 944). Defendant's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., White, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed.