■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN P. A. GEORGE, Appellant. [694 NYS2d 478] —Spain, J. Appeal from a judgment of the County Court of Cortland County (Avery, Jr., J.), rendered March 31, 1998, convicting defendant upon his plea of guilty of the crimes of scheme to defraud in the first degree and grand larceny in the fourth degree.

As part of a negotiated plea agreement, defendant entered a plea of guilty to the crime of scheme to defraud in the first degree, having previously waived indictment and consented to being prosecuted by superior court information (hereinafter SCI). At the plea proceedings, defendant admitted to writing a series of checks to a number of specified businesses over a two-month period knowing there were insufficient funds in his checking account to cover such checks and with intent to

defraud the payees. Defendant concomitantly, and as part of the same agreement, pleaded guilty to grand larceny in the fourth degree, contained in a separate SCI, in satisfaction of all pending charges stemming from two other incidents. During the plea allocution, County Court conducted an extensive inquiry and informed defendant in detail of his rights and the consequences of a plea. As part of the negotiated plea bargain and as agreed upon at the plea proceedings, defendant waived at sentencing his right to appeal the conviction and sentence but reserved his right to appeal "the length of the sentence". County Court sentenced defendant, as promised, as a second felony offender to consecutive prison terms of 2 to 4 years on each count and ordered restitution on the scheme to defraud count. Defendant now appeals only from the judgment of conviction upon his guilty plea to scheme to defraud in the first degree.

We affirm. By entering a plea of guilty, defendant forfeited the right to contest the underlying conviction and his right to raise many otherwise reviewable issues on appeal (*see, People v Seaberg*, 74 NY2d 1, 8; *People v Taylor*, 65 NY2d 1, 5). Further, a waiver of the right to appeal a conviction and sentence, entered as part of a negotiated plea bargain, is generally enforceable and, indeed, defendant does not contend that either his plea or waiver of appeal rights were involuntarily or unknowingly entered (*see, People v Seaberg, supra*, at 10-11). Were we to review the facts and circumstances surrounding the guilty plea and waiver in question, we would conclude that their terms and conditions were extensively explained to and comprehended and accepted by defendant, who participated in the colloquy on the record; indeed, defendant entered his plea and waived his right to appeal knowingly, intelligently and voluntarily and as an integral part of the plea agreement (*see, id.*, at 12; *see also, People v Moissett*, 76 NY2d 909, 911-912; *People v Ubrich*, 245 AD2d 886, 887, *lv denied* 91 NY2d 945; *People v Shea*, 254 AD2d 512, 513; *People v Wilmer*, 191 AD2d 850, *lv denied* 81 NY2d 1022). Importantly, defendant never moved to withdraw or vacate his guilty plea; thus, any challenge to the sufficiency of the plea allocution is not preserved, and the limited circumstances that would allow such an unpreserved challenge are not present here (*see, People v Ubrich, supra*, at 887; *see also, People v Toxey*, 86 NY2d 725, 726; *People v Lopez*, 71 NY2d 662, 665-666).

Defendant contends that the accusatory instrument charging him with scheme to defraud in the first degree did not sufficiently specify the dates, times or locations of the criminal

acts alleged. While jurisdictional defects in an accusatory instrument are not forfeited by guilty pleas or, presumably, by waivers of appeal rights* (*see, People v Case,* 42 NY2d 98, 99-100; *see also, People v Seaberg, supra,* at 8-9; *People v Taylor,* 65 NY2d 1, 5, *supra; People v Gerber,* 182 AD2d 252, 261, *lv denied* 80 NY2d 1026), challenges to nonjurisdictional defects are waived (*see, People v Beattie,* 80 NY2d 840, 842; *People v Iannone,* 45 NY2d 589, 600; *People v Gerber, supra,* at 266). As such, it has long been recognized that a challenge to the sufficiency of the factual allegations or details in a jurisdictionally sufficient accusatory instrument is a nonjurisdictional defect, forfeited upon a valid guilty plea and waived unless there is a timely objection (*see, People v Iannone, supra,* at 600-601; *People v Gerber, supra,* at 261, 266; *People v Pollay,* 145 AD2d 972). To the extent defendant challenges the factual specificity of the accusatory instrument, such claim was forfeited and waived by his guilty plea and his waiver of appeal.

Defendant's second contention is, as best as this Court is able to discern, that the accusatory instrument does not allege conduct constituting every element of the crime of scheme to defraud in the first degree. Notably, a claim that the indictment accuses defendant of performing acts that do not constitute a crime (*see, People v Case,* 42 NY2d 98, 100, *supra*) or that the accusatory instrument fails to allege that defendant committed acts constituting every material element of the crime charged (*see, People v Iannone, supra,* at 600; *People v McGuire,* 5 NY2d 523), are fundamental jurisdictional claims which defendant did not forfeit by his guilty plea or, presumably, by his waiver of appeal rights, even in the absence of a timely objection.

Here, the challenged SCI specifically and correctly alleges each and every element of the crime of scheme to defraud in the first degree. Further, it recites the precise statutory provision violated, i.e., Penal Law § 190.65 (1) (a), and such incorporation by statutory reference, standing alone, constitutes a sufficient allegation of all of the elements of this crime (*see, People v Cohen,* 52 NY2d 584, 586; *People v Iannone, supra,* at 598-599; *People v Pollay,* 145 AD2d 972, *supra; People v Mirella,* 105 AD2d 1012, 1013). Moreover, the SCI specifies 50 bad checks that defendant issued to 24 different named Cortland County businesses during November and December of

---

* In their briefs the parties did not address the difference, if any, between the effect of defendant's guilty plea and the effect of defendant's waiver of appeal rights, where both were part of the negotiated plea, and we decline to do so.

1997, thereby sufficiently apprising defendant of the subject of the accusation, i.e., the fraudulent scheme and conduct directed at multiple identified victims. As such, the instrument sufficiently alleges " 'where, when and what the defendant did' " (*People v Iannone, supra,* at 598, quoting Pitler, NY Crim Practice Under the CPL, at 302; *see, People v Diaz,* 233 AD2d 777, 778; *People v Palmer,* 108 AD2d 545, 546; *see also,* CPL 200.15, 200.50). Also, defendant has not demonstrated that any of the named business entities to whom he issued bad checks do not fall within the definition of "person" under Penal Law § 10.00 (7). Thus, the contention that the accusatory instrument is jurisdictionally or otherwise defective is rejected, as we find that the SCI fulfills both the statutory and constitutional jurisdictional mandates.

Furthermore, while defendant's waiver of his right to appeal does not preclude his challenge to the competency of his legal representation, particularly insofar as it relates to the voluntary nature of his guilty plea and waiver (*see, People v Jones,* 251 AD2d 750, 751; *People v Ubrich,* 245 AD2d 886, 887, *supra*; *People v Conyers,* 227 AD2d 793, *lv denied* 88 NY2d 982), we conclude that defense counsel's actions in not challenging the sufficiency of the accusatory instrument (which challenges we have rejected) did not deny defendant meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). Defense counsel negotiated a favorable plea bargain disposing of a plethora of pending charges; when asked, defendant repeatedly indicated during the plea colloquy and at sentencing that he had consulted with his counsel and was satisfied with his representation. We find nothing in this record to persuade us that defendant, in entering the negotiated plea and waiver or otherwise, received ineffective assistance of counsel.

Finally, defendant reserved his right to appeal "the length of his sentence". Of course, a defendant may not waive the right to challenge the *legality* of a sentence (*see, People v Seaberg,* 74 NY2d 1, 9, *supra*; *People v Francabandera,* 33 NY2d 429, 434, n 2). This Court has held, however, that a claim related to the harshness or excessiveness of a sentence imposed as part of a negotiated plea which included a waiver of the right to appeal cannot be raised on appeal as long as the sentence is lawful and the waiver of appeal was "knowing, voluntary and intelligent" (*People v Harvey,* 124 AD2d 943, 944, *lv denied* 69 NY2d 746; *see, People v Seaberg, supra,* at 10-11). Defendant was sentenced as a second felony offender and the maximum sentence imposed was in accord with the statutory guidelines; indeed, defendant does not contend otherwise (*see,* Penal Law

§ 70.06 [3] [e]; [4] [b]). Assuming that in reserving his right to appeal the length of his sentence defendant also reserved his right to challenge the harshness and excessiveness of his sentence, we find no abuse of discretion or extraordinary circumstances warranting the modification of defendant's sentence, particularly in view of defendant's extensive history of criminal convictions and the nefarious character of this fraudulent scheme perpetrated on so many victims (*see, People v Parker*, 220 AD2d 815, 817, *lv denied* 87 NY2d 1023; *People v Palmer*, 108 AD2d 545, 546, *supra*).

Defendant's remaining contentions have been examined and determined to be without merit.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.