■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN JOHNSON, Appellant. [699 NYS2d 756] —Spain, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered June 26, 1998, convicting defendant upon his plea of guilty of the crimes of sodomy in the second degree and unlawfully dealing with a child in the first degree.

In satisfaction of a nine-count indictment, defendant pleaded guilty to one count of sodomy in the second degree and one count of unlawfully dealing with a child in the first degree. In doing so, defendant admitted committing deviate sexual intercourse with one 13-year-old child and giving alcohol to another child of the same age. As part of the guilty plea, defendant

waived his right to appeal all aspects of the judgment except the sentence. County Court expressly declined to make a sentencing commitment at the time of the plea allocution, but informed defendant in detail—prior to accepting his plea—of the various sentencing options available to the court. Thereafter, defendant was sentenced to one year in jail and a $5,000 fine for the sexual abuse count and one year in jail and a $1,000 fine for the unlawfully dealing with a child count, to be served consecutively. Defendant now appeals and we affirm.

Initially, a review of the plea allocution reveals that defendant entered a knowing, voluntary and intelligent guilty plea and waiver of his right to appeal and, thus, his claim of ineffective assistance of counsel has not been preserved for our review (*see, People v Shaw*, 261 AD2d 648; *People v Johnson*, 243 AD2d 997, 998, *lv denied* 91 NY2d 927). Notably, defendant's allegations of ineffective assistance of counsel do not implicate the voluntary nature of his plea or suggest that the plea was the result of his counsel's claimed poor performance (*see, People v George*, 261 AD2d 711, *lv denied* 93 NY2d 1018; *People v Jones*, 251 AD2d 750, 751; *People v Ubrich*, 245 AD2d 886, 887, *lv denied* 91 NY2d 945; *People v Conyers*, 227 AD2d 793, *lv denied* 88 NY2d 982). In any event, even if we were to consider this argument, we would conclude that defendant was afforded meaningful representation (*see, People v Shaw, supra*; *People v Jones, supra*). Importantly, defense counsel negotiated a favorable plea. Although defendant argues that defense counsel should have done more to persuade County Court to impose a more lenient sentence, the primary factors which defendant now claims supported leniency were in fact emphatically raised by defense counsel before County Court prior to the imposition of sentence.

Finally, we reject defendant's contention that his sentence was harsh and excessive because, *inter alia,* a split sentence involving probation had been recommended by the Probation Department and also the People. It is well settled that a sentence within permissible statutory ranges will not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872). Here, given defendant's exploitive behavior toward minors as described in the record, we find no reason to disturb the sentences imposed in the interest of justice (*see, id.*).

Crew III, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.