■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN S. VEGA, Appellant. [701 NYS2d 483] —Spain, J. Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered August 28, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant entered a plea of guilty of the crime of criminal possession of a controlled substance in the second degree in full satisfaction of an 11-count indictment. At the plea colloquy defendant admitted that on February 5, 1998 he possessed heroin and cocaine weighing in excess of two ounces. Thereafter, County Court sentenced him to four years to life in prison. Defendant appeals.

We affirm. Defendant's primary contention is that count one of the indictment—the charge to which he ultimately pleaded guilty—was duplicitous and/or jurisdictionally defective. That count alleged that on the date of his arrest, defendant "knowingly and unlawfully possessed one or more preparations, compounds, mixtures or substances containing a narcotic drug, to wit, heroin and cocaine, and said preparations, compounds, mixtures and substances were of an aggregate weight of two ounces or more". Defendant contends—as he did in a preplea motion to dismiss—that this count is defective because it specifies that he possessed more than one type of a controlled substance, i.e., heroin and cocaine, and thus it illegally aggregated the weight of two narcotic substances to satisfy the weight requirement for this crime.

It is well settled that a defendant's entry of a guilty plea constitutes a forfeiture of challenges to nonjurisdictional defects in an accusatory instrument while jurisdictional defects therein are not waived (*see*, *People v George*, 261 AD2d 711, 712-713, *lv denied* 93 NY2d 1018; *see also*, *People v Beattie*, 80 NY2d 840, 842; *People v Iannone*, 45 NY2d 589, 600). A duplicitous indictment is not jurisdictionally defective (*see*, *People v Caban*, 129 AD2d 721, *lv denied* 70 NY2d 644). Thus, by pleading guilty defendant has waived any challenge to count one as being duplicitous (*see*, *People v Aiello*, 153 AD2d 988, 990-991, *lv denied* 74 NY2d 946; *see also*, *People v Beattie*, *supra*; *People v Levin*, 57 NY2d 1008, 1009).

In contrast to a failure to effectively charge a defendant with the commission of a particular crime, which is a jurisdictional defect (*see*, *People v Iannone*, *supra*, at 600; *People v George*, *supra*; *People v Aiello*, *supra*), a contention that an indictment is duplicitous is essentially a claim that a count of an indictment "effectively charges him with the commission of more than one crime" (*People v Caban*, *supra*, at 721; *see*, CPL 200.30). Here, count one alleges every element of the crime charged—including the requisite possession of at least two ounces of a narcotic drug—and recites the precise Penal Law provision violated (*see*, Penal Law § 220.18 [1]; *People v George*, *supra*, at 713; *People v Aiello*, *supra*, at 990-991). As in *People*

*v Aiello* (*supra*), "[t]he allegations are consistent with such possession of either cocaine or heroin, or both [and,] [t]hus, the pleading defect * * * is more one of duplicity than the failure to state a crime" (*People v Aiello, supra*, at 990). Defendant's contention that there existed an insufficient quantity of either drug alone is premised upon extrinsic evidence contained in the State Police report and does not constitute a jurisdictional defect in count one of the indictment (*see, People v Aiello, supra*; *see also, People v Motley*, 119 AD2d 57, 58-59, *affd* 69 NY2d 870). Accordingly, as defendant's contention on appeal does not raise a jurisdictional defect, he forfeited review of that issue by his guilty plea (*see, People v Levin*, 57 NY2d 1008, 1009, *supra*; *People v Beattie*, 80 NY2d 840, 842, *supra*; *People v George*, *supra*; *People v Aiello, supra*).

Defendant's remaining contention is that the sentence should be reduced in the interest of justice from four years to life to the most lenient permissible sentence of three years to life, which minimum sentence the People had originally conditionally agreed to recommend in exchange for defendant's guilty plea. The record reflects that at the time defendant pleaded guilty the People agreed to recommend a sentence of four years to life, which bargain the People upheld at sentencing. Defendant had been reminded by County Court that the People would no longer recommend the most lenient sentence of three years to life once the suppression hearing began, and defendant did not agree to plead guilty until after the hearing was underway. At sentencing County Court, which had not previously committed to any sentence, imposed the agreed-upon sentence of four years to life. Accordingly, we perceive no basis in this record upon which to disturb the imposition of the agreed-upon, less than maximum sentence (*see, People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Peters, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.