■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BRUNO, Appellant. [732 NYS2d 279] —Spain, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered July 17, 2000, convicting defendant upon his plea of guilty of the crimes of criminal mischief in the third degree and criminal possession of stolen property in the fourth degree.

Defendant, represented by counsel, entered a plea of guilty to criminal possession of stolen property in the fourth degree and criminal mischief in the third degree. County Court thereafter sentenced defendant as a second felony offender to concurrent prison terms of 1½ to 3 years in accordance with the negotiated plea agreement. Defendant appeals, contending that County Court's failure to specifically advise him of his constitutional right to counsel prior to his plea negated its validity.

We affirm. Initially, due to defendant's failure to move to withdraw his guilty plea or to vacate the judgment of conviction rendered thereon, his challenge to the sufficiency of the plea allocution is not preserved for our review (*see, People v Washington*, 262 AD2d 868, 869, *lv denied* 93 NY2d 1029; *People v George*, 261 AD2d 711, 712, *lv denied* 93 NY2d 1018). Were we to consider the merits, we would find his claim to be meritless.

A review of the plea colloquy in which defendant and defense counsel fully participated reveals that, prior to entering a guilty plea, defendant expressly waived the formalities of arraignment, which would include being advised of his right to counsel (*see,* CPL 180.10 [3], [4]). Further, County Court fully apprised defendant of the rights that he would be waiving in exchange for his plea, and defendant indicated that he understood the terms of the plea and its consequences and freely admitted his guilt of the conduct underlying the charges (*see, People v Moissett*, 76 NY2d 909; *People v Harris*, 61 NY2d 9, 16; *cf., Boykin v Alabama*, 395 US 238, 242-244). Notably, defendant was represented by counsel throughout the criminal proceedings and, when questioned by the court during the plea allocution, defendant stated that he was satisfied with counsel's representation and had no questions for counsel or the court. In view of the actual participation by counsel in the plea colloquy, the court's failure to specifically advise defendant of his right to counsel—while defendant was already actively represented by

counsel—would have constituted an "unnecessary formalism" (*People v Harris, supra,* at 16) and did not invalidate his knowing, voluntary and intelligent plea of guilty.

Cardona, P. J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.