■ NATHANIEL T. GRADY, Appellant, v STATE OF NEW YORK, Respondent. [775 NYS2d 141]—

Order, Court of Claims of the State of New York (Alton R. Waldon, Jr., J.), entered April 10, 2003, which granted defendant's motion to dismiss claimant's Court of Claims Act § 8-b claim for unjust conviction and imprisonment, unanimously affirmed, without costs.

Claimant has failed to state a claim for relief on any of the grounds enumerated in Court of Claims Act § 8-b (3) (b). The reversal of his criminal conviction and the dismissal of the underlying indictment were not based upon an unconstitutional application of the underlying penal statutes (*see* Court of Claims Act § 8-b [3] [b] [ii] [D]); rather, dismissal was warranted by the failure to comply with a procedural requirement regarding the prohibition of duplicitous indictments. Claimant's alternative

theory, that the trial court lacked jurisdiction to prosecute him, is also unavailing. Under Court of Claims Act § 8-b (3) (b) (ii) (A), which incorporates CPL 440.10 (1) (a), a basis for relief exists where a conviction was reversed and the indictment was dismissed upon the ground that "[t]he court did not have jurisdiction of the action or of the person of the defendant." However, the indictment charging claimant, while duplicitous, was not jurisdictionally defective (*see People v Vega,* 268 AD2d 686, 687 [2000], *lv denied* 95 NY2d 839 [2000]); thus, we reject claimant's contention that the indictment was "void" (as opposed to curable).

In any event, as the motion court found, the claim was also subject to dismissal upon the ground that claimant failed to set forth facts in sufficient detail to permit the court to find that he would likely succeed in proving at trial by clear and convincing evidence that he did not commit any of the acts charged in the accusatory instrument (*see* Court of Claims Act § 8-b [4], [5]). Concur—Andrias, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.