■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WHITE, Appellant. [777 NYS2d 544]—

Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Halloran, J.), rendered September 17, 2002, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree, criminal possession of stolen property in the third degree, criminal possession of stolen property in the fourth degree, reckless endangerment in the first degree, criminal mischief in the second degree, criminal mischief in the fourth degree, reckless driving, resisting arrest and aggravated unlicensed operation of a motor vehicle in the third degree, and of the violations of failure to stop at a steady red indicator, failure to comply with a lawful order of a police officer and speeding.

Defendant was charged in a 12-count indictment with various crimes and violations arising from his alleged theft of an automobile and subsequent evasion of pursuing police officers in the City of Schenectady, Schenectady County. After the close of proof at trial, but shortly before County Court could charge the jury, defendant stated that he wished to enter a guilty plea. County Court eventually accepted defendant's plea of guilty to the entire indictment after a detailed allocution. The court subsequently sentenced defendant, as a second felony offender, to concurrent prison terms of 2 to 4 years for the crimes of grand larceny in the fourth degree, criminal possession of stolen property in the third and fourth degrees, reckless endangerment in the first degree and criminal mischief in the second degree, with lesser concurrent sentences or unconditional discharges on the remaining convictions. Defendant appeals and we now affirm.

A defendant has the statutory right to plead guilty to the entire indictment without the permission of the court or the consent of the People (*see* CPL 220.10 [2]; *People v Miller*, 126 AD2d 868, 869 [1987], *lv denied* 69 NY2d 884 [1987]). In such circumstances, judicial rejection of a proposed guilty plea is appropriate if the defendant's recitation of the facts underlying the crimes alerts the court that the plea has not been knowingly, intelligently or voluntarily entered (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Francis*, 38 NY2d 150, 153-156 [1975]; *People v Rosebeck*, 109 AD2d 915, 916 [1985]). Here, defendant argues that County Court erred in accepting his plea in light of the court's concerns that the evidence adduced by the People at trial would not have supported a guilty verdict on some of the charges.

We note that defendant failed to preserve, by appropriate motion, his challenge to the sufficiency of the plea allocution (*see People v Bruno*, 288 AD2d 560, 560 [2001], *lv denied* 97 NY2d 702 [2002]). In addition, "the narrow exception to the preservation doctrine is not applicable here inasmuch as the record fails to disclose any circumstances that would have warranted further inquiry by County Court prior to accepting defendant's plea" (*People v McElhiney*, 237 AD2d 827, 827 [1997], *lv denied* 90 NY2d 861 [1997] [citation omitted]). Defendant freely admitted each and every factual allegation underlying the crimes charged in the indictment, made no statement negating his guilt and was thoroughly questioned by County Court regarding the underlying facts and his understanding of the ramifications of entering the plea. Further, County Court questioned defendant regarding his pretrial use of drugs and received assurances

from him that he was not under the influence of any drug that would impair his ability to understand his plea (*see People v Doty*, 267 AD2d 616, 617 [1999]; *People v McElhiney, supra* at 827-828). Inasmuch as defendant has done nothing to cast doubt on his guilt and, indeed, received a considerably more lenient sentence than the maximum sentence that the court could have imposed, we discern no reason to disturb the judgment of conviction (*see People v Mahy*, 305 AD2d 856, 857 [2003], *lv denied* 100 NY2d 622 [2003]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.