■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BARRETT, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Calabretta, J.), both rendered July 31, 1987, convicting him of

sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child (two counts) under indictment No. 1181/85, and sodomy in the first degree, sodomy in the second degree, sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child (two counts) under indictment No. 2155/85, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

With regard to indictment No. 2155/85, the defendant asserts that the People's evidence was insufficient to prove beyond a reasonable doubt that he forcibly compelled one of the complainants, then 12 years old, to engage in sodomy and submit to sexual contact, such "forcible compulsion" being an element of sodomy in the first degree (Penal Law § 130.50 [1]) and sexual abuse in the first degree (Penal Law § 130.65 [1]; *see,* Penal Law § 130.00 [8]). Although the defendant made a general motion to dismiss the indictment based on the insufficiency of the evidence at the close of the People's case, he failed to raise the present claim with specificity. Therefore, this issue is not preserved for review on appeal *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Ross,* 148 AD2d 643; *People v Cardona,* 136 AD2d 556), and in any event, it is without merit.

The defendant's further assertion that the indictments were duplicitous and that the individual counts charged him with the commission of multiple crimes *(see,* CPL 200.30 [1]; 200.50 [3]) has likewise not been preserved for appellate review, no such objection having been made at the trial level *(see,* CPL 200.30 [1]; *People v Iannone,* 45 NY2d 589; *People v Caban,* 129 AD2d 721). In any event, this claim is without merit, inasmuch as the counts complained of did not charge multiple offenses, but merely asserted that the individual offenses charged occurred at some time within certain 30-day periods. Such a time period is not "so large that it is virtually impossible for a defendant to answer the charges and * * * prepare a defense" *(People v Beauchamp,* 74 NY2d 639, 641), nor, considering the nature of the crimes and the ages of the victims, is it so excessive as to be unreasonable *(see, People v Beauchamp, supra,* at 641; *People v Keindl,* 68 NY2d 410, 419; *People v Morris,* 61 NY2d 290, 295).

The defendant's final contention, that the trial court erred in sentencing him to a total of 20 to 40 years' imprisonment, is without merit *(see, People v Suitte,* 90 AD2d 80). The concurrent sentences of 2⅓ to 7 years promised the defendant

at a pretrial proceeding if he were to plead guilty to two counts of sodomy in the first degree in satisfaction of both indictments were based upon the defendant's false assertion that he had no prior criminal convictions. In imposing the sentences it did, the trial court properly took into account the defendant's three prior convictions for child abuse offenses, including one for aggravated sodomy for which the defendant served five years in prison *(see, People v Durkin,* 132 AD2d 668, 669). The facts of this case clearly indicate that the trial court did not improperly increase the defendant's punishment based on his pursuing his right to a jury trial *(see, People v Reid,* 140 AD2d 639, 641; *cf., People v Brown,* 70 AD2d 505). Lawrence, J. P., Kooper, Harwood and Balletta, JJ., concur.