■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE LINDSTADT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Weissman, J.), rendered May 4, 1989, convicting him of rape in the first degree, and sodomy in the first degree (3 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to trial, the People made a motion to have the child witness declared a vulnerable witness and to permit her to testify from a testimonial room by means of live, two-way, closed-circuit television pursuant to CPL article 65. Attached to the People's motion papers were: an affidavit by an Assistant District Attorney who was familiar with the facts, a letter by a doctor of child psychiatry who had interviewed the child, the child's sworn statement, and a medical evaluation. The defendant did not oppose the motion. Consequently, the court, having reviewed the motion papers, declared that the child was a vulnerable witness, and granted the application for the use of live, two-way, closed-circuit television (CPL 65.20 [11]). The court also found that placing the defendant in the same room as the child during her testimony would contribute to the likelihood that the child would suffer severe emotional harm. Additionally, the court directed that the defendant remain in the courtroom while the child testified in another room. The defendant now claims that the court erred in declaring the child vulnerable. We disagree and affirm the judgment of conviction.

Initially, it should be noted that since no objection was taken to the declaration of the child as a vulnerable witness this claim of error is unpreserved for appellate review (CPL 470.05 [2]; *People v Fleming,* 70 NY2d 947).

In any event, the defendant's contention is without merit since the record amply supports the trial court's determina-

tion. Three criteria must be met before a trial court can declare a child witness vulnerable: (1) the court must find that the witness will be likely to suffer severe mental or emotional harm if required to testify without the use of live closed-circuit television, (2) the finding must be based upon clear and convincing evidence, and (3) the likelihood that the child would suffer severe mental or emotional harm must be the result of extraordinary circumstances (see, People v Cintron, 75 NY2d 249, 261-262). CPL 65.20 contains a list of 12 factors, which, if established by clear and convincing evidence, the court "may consider, in determining whether there are such extraordinary circumstances" (CPL 65.20 [9]).

We find that the letter submitted by a doctor in child psychiatry sufficiently demonstrates that the child would be likely to suffer severe mental or emotional harm if required to testify without the use of live, closed-circuit television. Thus, the first criterion has been satisfied.

As to the other two criterion, the Assistant District Attorney's affidavit and the supporting papers establish by clear and convincing evidence that: (1) the offenses were committed in a particularly heinous manner (see, CPL 65.20 [9] [a]), (2) the child witness, age nine at the time of trial, was particularly young (see, CPL 65.20 [9] [b]), (3) the defendant, her father, occupied a position of authority with respect to the witness (see, CPL 65.20 [9] [c]), (4) the offenses took place over a period of two years (see, CPL 65.20 [9] [d]), and (5) the defendant told the child not to tell anyone about the incidents (CPL 65.20 [9] [g]). Thus, five of the 12 factors set forth in CPL 65.20 (9) were established and the court was justified in concluding that there were extraordinary circumstances present in this case (see, People v Guce, 164 AD2d 946).

Since the People demonstrated by "clear and convincing evidence" that the child witness would sustain "severe mental or emotional harm" as the "result of extraordinary circumstances", the determination of vulnerability was correct.

Further, the defendant's contention that a hearing should have been held to determine whether the child should have been declared vulnerable is without merit. CPL article 65 provides that a declaration of vulnerability can be obtained pursuant to written motion made prior to trial (see, CPL 65.20 [1], [2]). When an application is made by motion pursuant to CPL 65.20 (1), the court, unless the material facts are conceded, is required to conduct a hearing. At bar, the defendant, by failing to oppose the motion, was deemed to have admitted

the allegations contained in the People's motion papers. Since the material facts were conceded, the court was not required to hold a hearing (CPL 65.20 [5]).

We also find no merit to the defendant's claim that the expert testimony regarding the child's sexual abuse syndrome was inadmissible. The reactions of a nine-year-old victim of rape and sodomy are not within the ken of the ordinary juror and are properly the subject of expert testimony *(see, People v Cintron,* 75 NY2d 249, *supra; People v Guce,* 164 AD2d 946, *supra; People v Henderson,* 156 AD2d 92, 102).

We have considered the defendant's remaining contentions, including those contained in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.