■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME LOPEZ, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (West, J.), both rendered November 15, 1989, convicting him of rape in the first degree (2 counts), sodomy in the first degree (2 counts), and endangering the welfare of a minor under Indictment No. 88-01779-01, and sexual abuse in the first degree (6 counts) under Indictment No. 89-00761-01, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that the charges against him should have been dismissed on the basis that they failed to provide sufficient notification of the dates and times of the alleged offenses *(see,* CPL 200.50 [6]). We disagree.

The defendant was charged in two indictments with various criminal offenses against a child, who was approximately

seven years old at the time of the alleged incidents, occurring on, or about, or between October 1, 1988 and October 31, 1988. The bill of particulars further specified, as to the rape, sodomy and sexual abuse counts, that the acts were committed "approximately late in the afternoon or early evening on one specific day during this time period", and as to the count of endangering the welfare of a minor, that the acts alleged therein occurred "on several other unspecified occasions and constitute[d] crimes not otherwise charged in the indictment". The 31-day interval during which the crimes were alleged to have occurred was not so lengthy that it was virtually impossible for the defendant to answer the charges and to prepare an adequate defense *(People v Keindl,* 68 NY2d 410, 416; *see, People v Morris,* 61 NY2d 290, 295-296), nor was it so excessive, in consideration of the victim's youth and the nature of the crimes, as to be unreasonable *(see, People v Beauchamp,* 74 NY2d 639; *People v Barrett,* 166 AD2d 657).

The defendant's contention that the indictments should have been dismissed on the ground that the charges were duplicitous has not been preserved for appellate review since the defendant failed to raise the issue before the trial court *(see, People v Iannone,* 45 NY2d 589; *People v Barrett, supra; People v Caban,* 129 AD2d 721). In any event, the defendant's contention is without merit. The indictments each properly charged only one offense in their individual counts *(see,* CPL 200.30 [1]; 200.50 [3]; *People v Keindl, supra),* so as to enable the defendant to prepare a defense and to plead the judgment of conviction as a bar to any further prosecution for the same crimes *(see, People v Keindl, supra,* at 417). Moreover, there was no danger by virtue of the testimony adduced at trial, that the defendant's convictions were not the result of unanimous verdicts with regard to the offenses charged under the indictments *(see, People v Davis,* 72 NY2d 32, 38; *People v Keindl, supra,* at 418).

The defendant next contends that the verdict should have been set aside as against the weight of the evidence because it was physically impossible to perform the acts as testified to by the complainant. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). The complainant testified that the defendant put his penis in her vagina, and that he also placed his finger in her vagina. This testimony was corroborated by an expert in child abuse who testified that the markedly enlarged vaginal opening and scant presence of hymenal tissue, together with what the

complainant had told her, was consistent with penetration by a penis and a finger.

The defendant's contention that the People failed to prove his identity beyond a reasonable doubt is unpreserved for appellate review. Although the defendant moved for a trial order of dismissal based upon the testimony adduced at trial, this general motion was not sufficiently specific to preserve his claim with respect to the issue of identity for appellate review (see, CPL 470.05 [2]; *People v Bynum*, 70 NY2d 858; *People v Barrett*, 166 AD2d 657, *supra*). In any event, viewing the evidence in the light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt. At trial, the complainant testified that the sexual assaults took place in one of the building's garages, and that the perpetrator was the man who took out the garbage, and did the mopping and sweeping of the floors. Further, she was able to observe his face at close range during the sexual assaults, and made an in-court identification of the defendant. It was uncontroverted at trial that the defendant worked as a part-time janitor at the building, and would take out the garbage twice a week, and return in the evenings to put the garbage cans away.

We agree with the defendant's contention that the trial court erred in permitting the complainant's mother to testify as to the details of the incidents as relayed to her by the complainant (see, *People v Rice*, 75 NY2d 929, 931-932; *People v O'Sullivan*, 104 NY 481; *Baccio v People*, 41 NY 265; *People v Lombardi*, 139 AD2d 767; *People v Gonzalez*, 131 AD2d 873). This error, however, was harmless in view of the overwhelming evidence of the defendant's guilt. There was no significant probability that the erroneously admitted testimony contributed to the jury's verdict (see, *People v Rice*, supra, at 932; *People v Crimmins*, 36 NY2d 230; *People v Allen*, 172 AD2d 542).

The defendant's remaining claim, raised in his supplemental *pro se* brief, that the prosecutor's remarks on summation deprived him of a fair trial is similarly without merit. Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.