■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES WYNN, Appellant.—Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered July 6, 1989, convicting defendant after a jury trial of sodomy in the first degree and sexual abuse in the first degree, and sentencing him to concurrent, indeterminate terms of imprisonment of 8⅔ to 25 years and 2⅓ to 7 years, respectively, unanimously affirmed.

Defendant, who was turned away from a job interview because of lateness, entered the women's lavatory and sodomized a female employee. Five latent prints matching defendant's were found in one of the bathroom stalls. Defendant confessed, both to a detective, and also to an Assistant District Attorney, who made a videotape of the confession.

Defendant's pretrial motion to recuse the trial prosecutor, on the ground that she was the prosecutor who obtained defendant's videotaped confession, was properly denied. Defendant did not make a sufficient showing that the prosecutor's investigative role would be a material issue at the trial. *(People v Paperno,* 54 NY2d 294.) Defendant's motion was narrowly based on the bare fact that the prosecutor had taken his statement. The argument that later developments at trial warranted recusal of the prosecutor is unpreserved, as defendant did not renew his motion *(People v Paperno,* 54 NY2d, *supra,* at 304). Were we to review the claim in the interest of justice, we would find it lacking in merit. The prosecutor did not commit reversible error in her summation. She did not make herself an unsworn witness. Nor is defendant entitled to

a reversal because the jury heard a small portion of the redacted part of his videotaped confession. No prejudice could have inured to him in the circumstances presented. We do not find that the prosecutor unfairly cross-examined defendant. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.