THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS BLAKENEY, Appellant.

On December 16, 1987, the defendant stole a television, radio/tape player, video cassette recorder, and video game from an apartment shared by Jeanette Cox and Leslie Price. The following morning, Cox saw the defendant, whom she recognized as a neighbor, emerge from her building carrying a

white plastic bag. The defendant asked a man if he wanted to buy a VCR. He then removed the plastic bag, and enabled Cox to observe the radio/tape player which had been stolen from her apartment. Cox awakened Price and then followed the defendant as he carried the radio/tape player to a nearby apartment complex. Cox and Price each testified that the cassette being played in the radio/tape player held by the defendant was a unique, custom-made recording. After the defendant left the area empty-handed, Cox entered the complex and found the radio/tape player near a garbage dumpster. Cox testified that she subsequently notified the police and gave them the radio/tape player and the cassette. Cox added that the cassette had been returned to her by the police.

At the outset of the trial, defense counsel informed the court that a question existed concerning the whereabouts of the cassette. At that time, the prosecutor stated that Cox could not find it. He advised the court that, after the incident, Cox gave the stolen radio/tape player to the police, whose inventory record did not mention the cassette in question. After the opening statements, defense counsel stated "[w]e still left unresolved the preservation or lack of preservation of the evidence". Over defense counsel's objection, the court stated that it would not resolve the issue at that time.

During the cross-examination of Cox, defense counsel requested that a sanction be imposed against the People pursuant to Penal Law § 450.10 due to their failure to produce the cassette. The court ruled that although the cassette, which the prosecutor ultimately stated had been found, would not be allowed into evidence, testimony regarding the cassette would not be stricken from the record. It further stated that it would instruct the jury that, under Penal Law § 450.10, the cassette should have been available with the radio/tape player and that they could draw an inference adverse to the People from that fact. The court so charged the jury.

The trial court erred by waiting until testimony concerning the cassette was adduced before determining that the failure of the People to produce it warranted a sanction pursuant to Penal Law § 450.10. However, any prejudice caused by this error was minimal in light of the overwhelming evidence of the defendant's guilt (see, People v Rice, 75 NY2d 929, 932; People v Crimmins, 36 NY2d 230, 241-242; People v Lopez, 175 AD2d 267; People v Taylor, 142 AD2d 410, 421, affd 75 NY2d 277). Had the cassette been available and turned over to the defendant, "it is most unlikely that a different verdict would

have resulted" *(People v Taylor, supra,* at 421). Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.