■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BRAMMER, JR., Also Known as TEX, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered September 28, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the single-count indictment amplified by the amended bill of particulars was duplicitous inasmuch as it charged him with the commission of multiple crimes (see, CPL 200.30, 200.50 [3]), has not been preserved for appellate review (see, CPL 470.05 [2]; People v Palmer, 184 AD2d 534; People v Lopez, 175 AD2d 267, 268; People v Barrett, 166 AD2d 657, 658). In any event, this claim is

without merit. Although the amended bill of particulars asserted that two courses of conduct, i.e., a series of assaults and failure to obtain medical care, caused the death of the 3-month-old infant, this conduct was all part of the same incident on October 7, 1988. Depraved indifference murder, as defined in Penal Law § 125.25 (2), does not necessarily contemplate the performance of a single act but, rather, is a crime that by its nature may be committed by one act or by multiple acts and thus, readily permits characterization as a continuing offense *(see, People v Ribowsky,* 77 NY2d 284, 289; *People v Keindl,* 68 NY2d 410). Therefore, we find that the indictment, which permitted the jury to find the defendant guilty of depraved indifference murder upon a combination of acts or in one of two alternative ways, was proper *(see, People v Keindl, supra,* at 421; *see also, People v Wong,* 182 AD2d 98).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Indeed, the evidence, including evidence that the defendant hit, threw, and dropped the infant before squeezing her neck, resulting in her death caused by a combination of multiple bruises and traumatic asphyxiation, overwhelmingly proved that he was guilty of depraved indifference murder *(see,* Penal Law § 125.25 [2]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.