■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL WELDON, Appellant. [595 NYS2d 109] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered April 6, 1990, convicting him of sexual abuse in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted, *inter alia,* for sexual abuse in the first degree, for conduct involving a girl who was seven years old at the time of the incident. The defendant's argument that the indictment was deficient on this count is unpreserved, since he failed to renew his motion to dismiss the indictment after the prosecution provided requested details as to the approximate times of the alleged offenses *(see, People v Wynn,* 176 AD2d 443; *People v Robles,* 139 AD2d 781, 782). In any event, the indictment alleged that the conduct occurred within a 31-day period, which was not so large as to render it virtually impossible for the defendant to prepare a defense, and was not so excessive, considering the age of the victim and the nature of the crime, as to be unreasonable *(see, People v Watt,* 81 NY2d 772; *People v Beauchamp,* 74 NY2d 639, 641; *People v Keindl,* 68 NY2d 410, 416; *People v Lopez,* 175 AD2d 267, 268; *People v Barrett,* 166 AD2d 657, 658).

The defendant's claim that the trial court erred in allowing expert testimony on the subject of child sexual abuse syndrome is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 248-252). In any event, the trial court did not improvidently exercise its discretion in allowing the testimony, which was properly offered to explain the behavior of a child who had been sexually abused *(see,*

*People v Cintron,* 75 NY2d 249, 267; *People v Keindl,* 68 NY2d 410, 422, *supra; People v Lindstadt,* 174 AD2d 696, 698; *People v Guce,* 164 AD2d 946, 950). Thompson, J. P., Rosenblatt, Eiber and Miller, JJ., concur.