■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RAMOS, Appellant. [611 NYS2d 216] —Appeal by the defendant from (1) a judgment of the County Court, Suffolk County (Namm, J.), rendered October 31, 1990, convicting him of sodomy in the first degree and sexual abuse in the first degree under Indictment No. 2063/89, and (2) a judgment of the same court, rendered January 15, 1991, convicting him of driving while intoxicated and resisting arrest under Indictment No. 488/90, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

With respect to Indictment No. 2063/89, the County Court properly determined that the victim was a vulnerable child witness within the meaning of CPL 65.20 based upon the testimony of an expert in child abuse and that of the victim's mother, which collectively established, by clear and convincing evidence, four of the twelve factors cited in CPL 65.20 (9) *(see, People v Cintron,* 75 NY2d 249, 267; *People v Lindstadt,* 174 AD2d 696, 697; *People v Guce,* 164 AD2d 946, 947). The County Court also properly administered the oath to the child witness after determining that he understood the nature of an oath, the difference between a truth and a lie and understood the consequences of telling a lie *(see, People v Morales,* 80 NY2d 450, 452-453; *People v Fuller,* 50 NY2d 628, 636; *People v Nisoff,* 36 NY2d 560, 565-567; *see also, Matter of Ralph D.,* 163 AD2d 752, 753).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Contrary to the defendant's claim, penetration is not an element of the crime of sodomy *(see, People v Lipinski,* 159 AD2d 860, 861-862; *People v Francis,* 153 AD2d 901, 902; *People v Griffith,* 80 AD2d 590, 591). The defendant's claim regarding the prosecutor's summation is not preserved for appellate review in the absence of a request for a curative

instruction *(see,* CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852; *People v Glover,* 60 NY2d 783, 785, *cert denied* 466 US 975), and we decline to reach this issue in the interest of justice.

With respect to Indictment No. 488/90, the defendant's claims that the court improperly marshaled the evidence on intoxication and improperly instructed the jurors on the seriousness of their task in its supplemental instruction are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Torres,* 87 AD2d 876). The defendant's claim regarding the court's *Allen* charge *(see, Allen v United States,* 164 US 492) is unpreserved for appellate review and, in any event, we find that the supplemental charge was balanced and not coercive *(see, People v Ford,* 78 NY2d 878, 880; *People v Green,* 202 AD2d 186; *People v Bowman,* 194 AD2d 379).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Krausman and Florio, JJ., concur.