■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVITT BURGESS, Appellant. [633 NYS2d 515] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garson, J.), rendered February 23, 1994, convicting him of manslaughter in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt beyond a reasonable doubt in that there was no evidence establishing his requisite mental state. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Licitra,* 47 NY2d 554). Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, the defendant's challenges to the court's charge are unpreserved for appellate review *(see,* CPL 470.05 [2]) and, in any event, without merit.

The defendant correctly notes that it is well settled that "a court may not impose *consecutive* sentences where the same act is the basis of convictions obtained on a multiple count indictment" *(People ex rel. Maurer v Jackson,* 2 NY2d 259, 267). However, what the defendant overlooks is that, by his own admission, he possessed the loaded gun for a week prior to the shooting. Such an act, which constitutes a separate and distinct crime, is not a material element of his manslaughter conviction, and therefore the court properly imposed consecutive sentences *(see,* Penal Law § 70.25 [2]).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.