■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WOODRUFF, Appellant. [656 NYS2d 32] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered October 27, 1994, convicting him of criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the counts charging him with criminal possession of a weapon in the second degree and reckless endangerment in the first degree, as amplified by the People's bill of particulars, were rendered duplicitous by the trial evidence, as he never raised this argument at trial or following the court's charge (see, CPL 470.05 [2]; People v Brammer, 189 AD2d 885; People v Palmer, 184 AD2d 534; People v Lopez, 175 AD2d 267, 268; People v Barrett, 166 AD2d 657, 658).

The court properly imposed consecutive sentences for the defendant's convictions of reckless endangerment in the first degree and criminal possession of a weapon in the second degree in light of the lack of "overlap" between the statutory elements of Penal Law § 120.25 ("A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person") and Penal Law § 265.03 ("A person is guilty of criminal possession of a weapon in the second degree when he possesses a * * * loaded firearm with intent to use the same unlawfully against another") (see, Penal Law § 70.25 [2]; People v Laureano, 87 NY2d 640). In any event, there was testimony that during an altercation, the defendant tried to shoot a rival gang member named Gregory Kallore, but when the gun jammed he hit Kallore on the head with it instead. The defendant thereafter dropped the gun. After the weapon had been returned to him by a fellow gang member, the defendant fired two shots at retreating rival gang members. These independent acts involving possession of a loaded revolver with criminal intent—namely, the attempt to shoot Kallore and the subsequent firing of shots—are separate and distinct from one another, and justify the imposition of consecutive sentences

*(see, People v Ramirez,* 89 NY2d 444; *People v Laureano, supra; People v Brown,* 80 NY2d 361; *People v Day,* 73 NY2d 208; *People v Truesdell,* 70 NY2d 809; *People v Brathwaite,* 63 NY2d 839; *see also, People v Burgess,* 221 AD2d 354; *People v Seow,* 194 AD2d 635, 636; *cf., People v Velez,* 206 AD2d 554; *People v Wallace,* 152 AD2d 713). Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.