■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW PANTE, Appellant. [674 NYS2d 28] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered December 7, 1994, convicting defendant, after a jury trial, of one count of criminal possession of a weapon in the second degree and four counts of criminal possession of a weapon in the third degree, and sentencing him to a term of 5 to 15 years concurrent with three concurrent terms of 2 to 6 years and consecutive to a term of 1½ to 4½ years, unanimously affirmed.

The court appropriately exercised its discretion in admitting evidence of uncharged crimes that was highly relevant to the disputed issue of defendant's intent (*see, People v Steinberg*, 170 AD2d 50, 73, *affd* 79 NY2d 673). In this connection, defendant's direct testimony regarding possession of a specific number of blasting caps opened the door to cross-examination regarding defendant's possession of additional blasting caps that were not the subject of the instant indictment (*see, People v Garcia*, 160 AD2d 258, *lv denied* 76 NY2d 857).

The existing record fails to support defendant's claim that substitute counsel provided ineffective assistance due to lack of adequate time to fully prepare for trial. We find that substitute counsel had ample time to familiarize himself with the issues and prior proceedings.

Defendant's challenges for cause to three venirepersons were properly disallowed by the court, since the totality of each venireperson's responses indicated an ability to decide the case impartially (*People v DeHoyas*, 234 AD2d 147, *lv denied* 89 NY2d 984).

Imposition of the 1½ to 4½ year sentence on one of the third-degree weapon possession convictions to run consecutively with the sentence imposed on the second-degree weapon possession conviction was proper since defendant had completed the crime of simple possession of the 9 millimeter pistol by the time he arrived at the meeting place (*see, People v Burgess*, 221 AD2d 354, *lv denied* 87 NY2d 1017), and defendant's threatening display at that time of a different weapon was a separate and distinct act (*People v Brown*, 80 NY2d 361, 364).

Defendant's suppression motion was properly denied. The hearing record supports the court's findings.

We have considered defendant's additional claims of error, including those raised in his *pro se* supplemental brief, and find them to be without merit. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.