■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASHIR GARBA, Appellant. [677 NYS2d 488] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cirigliano, J.), rendered September 22, 1995, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts), and criminal pos-

session of a controlled substance in the seventh degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his identity as the person the undercover officers observed selling drugs is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Johnson,* 228 AD2d 521; *People v Lopez,* 175 AD2d 267; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant further contends that the verdict was against the weight of the evidence given the inconsistencies in the police officers' testimony, the alibi testimony provided by his former girlfriend, and the purchasers' testimony that they did not purchase the crack cocaine from the defendant. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.