■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BIAVASCHI, Appellant. [697 NYS2d 53] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered October 11, 1996, convicting defendant, after a jury trial, of rape in the first degree, and sentencing him to a term of 8¹/₃ to 25 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations, which are supported by the record.

The People presented clear and convincing evidence, through the testimony of the complainant's mother, as well as a psychologist and a mental health caseworker qualified as expert witnesses, that extraordinary circumstances existed indicating that the complainant would suffer severe mental or emotional harm if required to testify without the use of closed circuit television, and thus that the complainant was a "vulnerable child witness", within the meaning of CPL article 65. Specifically, the testimony revealed that the complainant was particularly young and was threatened with physical violence if the incident were reported to any person, that she exhibited

a great deal of fear whenever she encountered defendant in the street, and that in the opinion of each witness, personally familiar with the relevant circumstances, the complainant would be particularly susceptible to psychological harm if required to testify in the physical presence of defendant (CPL 65.20 [9]; *see, People v Ramos*, 203 AD2d 599). Further, the court properly exercised its discretion in denying defendant's application seeking an independent psychological examination of the child witness by a defense expert, on the authority of CPL 65.20 (6).

The court properly denied defendant's application to present alleged alibi evidence. Defendant was on notice of the approximate time of the incident and offered no good cause for failure to file timely alibi notice (*People v Byrd*, 239 AD2d 277, *lv denied* 90 NY2d 902). We note that despite defense counsel's argument that the testimony of the complainant's mother rendered the time issue "important", counsel first raised the issue two days after that testimony was offered. Thus, the court did not improvidently exercise its discretion in denying defendant's eleventh-hour application (*see, People v Bunting*, 134 AD2d 646, 649, *lv denied* 70 NY2d 1004). In any event, the proposed alibi testimony lacked probative value in that it sought to establish defendant's whereabouts at a time and place consistent with also being present at the time and place of the crime. To the extent that defendant is raising a constitutional issue, that issue is unpreserved and we decline to review it in the interest of justice.

Defendant's claim that the court should have received the proposed testimony of his grandmother regarding what defendant allegedly told her is unpreserved. Defendant's arguments in favor of admissibility are raised for the first time on appeal and we decline to review them in the interest of justice. Were we to review this claim, we would find that this testimony, offered for its truth, constituted impermissible hearsay (*see, People v Perry*, 223 AD2d 479). Since defendant did not testify, and since defendant's statement to the police was completely separate from his alleged statement to his grandmother, neither the rules concerning rehabilitation of an impeached witness through prior consistent statements nor the rules concerning admissibility of all parts of the same statement had any applicability.

The court properly permitted limited testimony regarding the complainant's behavioral changes after the incident, including an attempt to hurt herself, since such testimony constituted relevant proof regarding the crimes charged (*see, People v Jones*, 188 AD2d 364, *lv denied* 81 NY2d 972).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.