■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVI LAUFER, Appellant. [713 NYS2d 322] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered September 30, 1999, convicting defendant, after a jury trial, of reckless endangerment in the first degree and menacing in the second degree, and sentencing him to a term of 6 months concurrent with 5 years' probation and a conditional discharge, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's repeated, deliberate actions of banging his car into the victim's car, stopping short in front of her, pushing down her mirror, veering into her lane and pursuing her when she tried to get away from him constituted circumstances evincing a depraved indifference to human life and recklessly created a grave risk of death to not only the victim, but to the other drivers on the road as well (*see, People v Anglin*, 266 AD2d 557, *lv denied* 94 NY2d 876; *People v McGrath*, 195 AD2d 831, *lv denied* 82 NY2d 851). Issues of credibility were properly presented to the jury and there is no reason to disturb its findings.

The court properly exercised its discretion in receiving into evidence a crash test videotape since it was relevant to issues presented at trial and since the People established that there was substantial similarity between the conditions under which the experiments were conducted and the conditions at the time of the event in question (*see, People v Cohen*, 50 NY2d 908; *Matter of Luis C.*, 222 AD2d 268). Defendant's remaining contentions concerning the videotape and the People's expert testimony are unpreserved, or expressly waived, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. To the extent defendant is raising a claim of ineffective assistance with respect to these issues, that claim involves matters of strategy and as such is not reviewable on the present record. To the extent the present record permits review, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

Contrary to defendant's argument, the prosecutor did not inject his own credibility into the trial nor express his personal beliefs on matters which may influence the jury (*compare, People v Ortiz*, 54 NY2d 288, *with People v Paperno*, 54 NY2d 294; *see also, People v Wynn*, 176 AD2d 443, *lv denied* 79 NY2d

866). Defendant was not prejudiced by the prosecutor's references to his personal involvement in interviewing the complainant since his personal conduct never became an issue at trial. Concur—Lerner, J. P., Andrias, Saxe, Buckley and Friedman, JJ.