■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK M. WOOTEN, JR., Appellant. [725 NYS2d 767] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count each of rape in the first degree (Penal Law § 130.35 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). The victim was found strangled in her home, and lumi-lite testing located semen in and around her body. Based on the fact that defendant's fingerprints were found on the victim's car, which was located in a snowbank at a nearby university, the lack of forced entry, and the knowledge of the police that the victim knew defendant, the police secured a court order to obtain a blood sample from defendant. It was determined therefrom that the semen found in and around the victim's body matched defendant's DNA.

Defendant contends that County Court erred in denying his motion to dismiss the indictment based on the prosecutor's failure to instruct the Grand Jury on circumstantial evidence.

We disagree. While instructions to the Grand Jury "may not be so misleading or incomplete as to substantially undermine the integrity of the proceedings" (*People v Caracciola,* 78 NY2d 1021, 1022; *see, People v Calbud, Inc.,* 49 NY2d 389, 396), it is well settled that " 'a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law' " (*People v Batashure,* 75 NY2d 306, 311, quoting *People v Calbud, Inc., supra,* at 394). It is "sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc., supra,* at 394-395; *see, People v Perez,* 269 AD2d 321, 323, *lv denied* 95 NY2d 801). Here, the prosecutor's failure to instruct the Grand Jury on circumstantial evidence does not warrant dismissal of the indictment. Such an instruction would not have been appropriate because "in a wholly circumstantial case the evidence before the Grand Jury need not exclude to a moral certainty every hypothesis consistent with innocence" (*People v Vallone,* 140 AD2d 729, 730; *see, People v Olivo,* 262 AD2d 953, 954). Thus, the instructions were not so misleading or incomplete that the integrity of the proceedings was substantially undermined.

By failing to move to suppress the evidence obtained from a blood sample, defendant failed to preserve for our review his contention that the court erred in ordering that a blood sample be obtained from him (*see, People v Middleton,* 54 NY2d 42, 49). In any event, "[t]he [court's] determination that probable cause exists is entitled to great deference" (*People v King,* 232 AD2d 111, 116, *lv denied* 91 NY2d 875; *see, People v Hanlon,* 36 NY2d 549, 559), and there is no basis here to disturb the court's determination that there was probable cause to order the blood sample (*see generally, Matter of Abe A.,* 56 NY2d 288, 291).

We further conclude that the court did not err in denying defendant's motion for a *Frye* hearing (*see, Frye v United States,* 293 F 1013) concerning the use of a lumi-lite in the investigation of the crime scene (*see, People v Wesley,* 83 NY2d 417, 422-423). A lumi-lite uses luminol, which is "a chemical that reacts with blood [or semen] and undergoes a chemical reaction that gives off light" (*State v Canaan,* 265 Kan 835, 850-851, 964 P2d 681, 693). The use of luminol "is universally accepted" (*State v Canaan, supra,* 265 Kan, at 852, 964 P2d, at 694). In New York, a *Frye* hearing is required only with respect to "novel scientific evidence requiring a determination as to its

reliability" (*People v Wesley, supra,* at 422). The first reported case involving the use of luminol in the investigation of crime scenes was in 1955 (*see, People v Watson,* 288 P2d 184, *opn vacated on other grounds* 46 Cal 2d 818, 299 P2d 243, *cert denied sub nom. Watson v Teets,* 355 US 846). Thus, it is not novel. Furthermore, the use of a lumi-lite is not a scientific procedure. The lumi-lite test merely "aids the jury in seeing something that was already there but that was enhanced with the aid of the lumi-lite" (*Stewart v State,* 601 So 2d 491, 499 [Ala]). It is used "much in the same manner as powder is utilized to cause latent fingerprints to become visible for taking and analyzing" (*Robedeaux v State,* 866 P2d 417, 425 [Okla], *cert denied* 513 US 833).

We reject defendant's contention that the court erred in admitting evidence of a police experiment. The evidence was relevant (*see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670), and "there was substantial similarity between the conditions under which the experiment[ ] [was] conducted and the conditions at the time of the event in question" (*People v Laufer,* 275 AD2d 655; *see, People v Cohen,* 50 NY2d 908, 910, *rearg denied* 50 NY2d 1060).

Defendant has failed to preserve for our review his contentions that the evidence is legally insufficient to support the conviction (*see, People v Gray,* 86 NY2d 10, 19) and that prosecutorial misconduct deprived him of a fair trial (*see, People v Greening,* 254 AD2d 739, 740, *lv denied* 92 NY2d 1032; *see also, People v Luckerson,* 170 AD2d 695, *lv denied* 77 NY2d 997). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe.

The contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to move to dismiss the indictment on speedy trial grounds is based on material dehors the record, and thus the appropriate procedural vehicle is a motion pursuant to CPL 440.10 (*see, People v Darnell,* 146 AD2d 583, 584, *lv denied* 73 NY2d 976; *People v Miller,* 142 AD2d 970). With respect to defendant's remaining contentions concerning ineffective assistance of counsel, we conclude that, based on the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Erie County Court, Drury, J.—Murder, 2nd Degree.) Present— Pigott, Jr., P. J., Pine, Hayes and Kehoe, JJ.