■ JOSEPH ORLINO, Appellant, v 2 GOLD, LLC, Respondent. [880 NYS2d 479]—Order, Supreme Court, New York County (Michael D. Stallman, J.), entered March 10, 2009, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant's motion for summary judgment was properly granted, given that the lumber over which plaintiff tripped at his work site was not "debris," but an integral part of the work being performed (*see* 12 NYCRR 23-1.7 [e] [2]; *O'Sullivan v IDI Constr. Co., Inc.*, 28 AD3d 225, 226 [2006], *affd* 7 NY3d 805 [2006]; *Harvey v Morse Diesel Intl.*, 299 AD2d 451 [2002], *lv denied* 99 NY2d 508 [2003]). Concur—Tom, J.P., Nardelli, Catterson, Renwick and Richter, JJ. [*See* 2009 NY Slip Op 30516(U).]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO NIEVES, Appellant. [880 NYS2d 480]—Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered June 25, 2007, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3¹/₂ to 7 years, unanimously affirmed.

The prosecutor was not required to provide the grand jury with a circumstantial evidence charge. Even where the evidence is wholly circumstantial, a failure to charge the grand jury on circumstantial evidence does not impair the integrity of the proceeding (*see People v Wooten*, 283 AD2d 931, 932 [2001], *lv denied* 96 NY2d 943 [2001]).

The surcharges and fees were properly imposed (*see People v Guerrero*, 12 NY3d 45 [2009]). Concur—Andrias, J.P., Catterson, Renwick, DeGrasse and Freedman, JJ.