■ The People of the State of New York, Respondent, v Rogelio Ferrer, Appellant. [63 NYS3d 321]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered April 9, 2014, as amended July 25, 2014, convicting defendant, after a jury trial, of robbery in the first degree (three counts), robbery in the second degree (six counts), burglary in the first degree (two counts), criminal impersonation in the first degree (two counts), burglary in the second and third degrees and assault in the second degree, and sentencing him, as a persistent violent felony offender, to an

aggregate term of 44 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently, resulting in a new aggregate term of 22 years to life, and otherwise affirmed.

Defendant did not preserve his challenge to the prosecutor's inquiry, during defendant's cross-examination, about a novel written by defendant that had an alleged nexus to the facts of this case, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal. While the inquiry into a crime novel defendant wrote approximately five years before this crime was of little probative value regarding his motive, intent, or credibility, any error was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

Defendant also failed to preserve his arguments that the trial prosecutor, who participated in defendant's interrogation, acted as an unsworn witness during defendant's cross-examination, and that portions of defendant's recorded statement in which the trial prosecutor opined that defendant was not telling the truth should have been redacted, and we decline to review them in the interest of justice. As an alternative holding, we reject those arguments on the merits. The fact that the trial prosecutor also participated in defendant's interrogation was not in itself a basis for recusal, nor a basis for reversal here, where her investigative role was not a material issue at the trial, as defendant argued that his statement was coerced because he was threatened by detectives outside of that prosecutor's presence (*see People v Ortiz*, 54 NY2d 288, 292-293 [1981]; *People v Wynn*, 176 AD2d 443, 443 [1st Dept 1991], *lv denied* 79 NY2d 866 [1992]). Defendant, in arguing that his confession was coerced, opened the door to the admission of the unredacted confession, to allow the jury to make a determination, based on the surrounding circumstances, of its truthfulness (*see People v Mateo*, 2 NY3d 383, 424-427 [2004], *cert denied* 542 US 946 [2004]). The potential for prejudice did not substantially outweigh the probative value of the confession, as the prosecutor's comments, when read in context, were not unduly prejudicial to defendant, and redactions of the comments, which were intertwined with relevant parts of the interrogation, would have rendered the statement difficult to understand.

Defendant, who chose to represent himself, may not be heard to complain about standby counsel's failure to raise any of the above-discussed issues (*see People v Baghai-Kermani*, 84 NY2d

525, 533 [1994]; *see also People v Garcia,* 69 NY2d 903 [1987]). The record does not establish that the standby attorney's role in the trial included the responsibility to make objections during defendant's testimony, or at any other time. To the extent defendant is complaining about his representation by this attorney during pretrial proceedings before defendant undertook to proceed pro se, his claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims relating to pretrial proceedings may not be addressed on appeal.

The prosecutor's display to the jury of an item of electronically stored information that had not been received in evidence did not cause any prejudice under the circumstances of the case.

The court providently exercised its discretion within its wide latitude to impose reasonable limits on cross-examination. Defendant received a full opportunity to impeach the two witnesses at issue as to matters affecting their credibility, and defendant's right to confront witnesses and present a defense was not impaired (*see Delaware v Van Arsdall,* 475 US 673, 678-679 [1986]).

We find the sentences excessive to the extent indicated. Concur—Tom, J.P., Richter, Andrias, Gesmer and Singh, JJ.