Saginor v Friars 50th St. Garage, Inc. (2018 NY Slip Op 08067)





Saginor v Friars 50th St. Garage, Inc.


2018 NY Slip Op 08067


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Friedman, J.P., Mazzarelli, Kern, Oing, Singh, JJ.


7693 152479/13 595050/14 595114/14

[*1]Michael Saginor, Plaintiff-Appellant,
v
Friars 50th Street Garage, Inc., et al., Defendants-Respondents. 
[And Other Actions]


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, New York (Richard Imbrogno of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered February 6, 2017, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing so much of plaintiff's Labor Law § 241(6) claim as predicated upon Industrial Code §§ 23-1.7(e)(1) and (e)(2), and denied his cross motion for summary judgment on said claim, unanimously affirmed, without costs.
Plaintiff worker's trip and fall, allegedly caused by a violation of Industrial Code §§ 23-1.7(e)(1) and (2), did not support his Labor Law § 241(6) claim, inasmuch as the allegedly hazardous condition was integral to the work plaintiff was to perform at the time he was injured (see e.g. O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225 [1st Dept 2006], affd 7 NY3d 805 [2006]; Orlino v 2 Gold, LLC, 63 AD3d 541 [1st Dept 2009]; cf. Pereira v New Sch., 148 AD3d 410 (1st Dept 2017).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK