People v Carlson (2020 NY Slip Op 03336)





People v Carlson


2020 NY Slip Op 03336


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


522 KA 18-01286

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SKYLER A. CARLSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered September 25, 2017. The judgment convicted defendant upon a jury verdict of rape in the first degree, rape in the third degree and criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law § 130.35 [1]), rape in the third degree (§ 130.25 [3]), and criminal sexual act in the first degree (§ 130.50 [1]). We affirm.
Defendant preserved for our review his contention that County Court erred in permitting the People to elicit lay testimony about changes in the victim's behavior after the incident (see CPL 470.05 [2]). Nevertheless, we reject that contention because such evidence is admissible to prove defendant's guilt, even if it is not particularly strong evidence (see generally People v Miller, 78 AD3d 733, 734 [2d Dept 2010], lv denied 16 NY3d 833 [2011]; People v Biavaschi, 265 AD2d 268, 269 [1st Dept 1999], lv denied 94 NY2d 916 [2000]; People v Jones, 188 AD2d 364, 364 [1st Dept 1992], lv denied 81 NY2d 972 [1993]). Moreover, we conclude that the probative value of the testimony about the victim's post-incident behavior is not outweighed by any undue prejudice to defendant (see generally People v Scarola, 71 NY2d 769, 777 [1988]; People v Inman, 134 AD3d 1434, 1435-1436 [4th Dept 2015], lv denied 27 NY3d 999 [2016]).
Defendant's contention that the evidence is legally insufficient to support his conviction is preserved for our review because, in his motion for a trial order of dismissal, he specifically argued that the People did not meet their burden with respect to the elements of the charged crimes that he now challenges on appeal, i.e., the elements of forcible compulsion, lack of consent, and anal sexual conduct (see generally People v Gray, 86 NY2d 10, 19 [1995]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction. With respect to the counts of rape in the first degree and criminal sexual act in the first degree, there is ample evidence in the trial record that defendant used forcible compulsion (see Penal Law §§ 130.35 [1]; 130.50 [1]), i.e., that he used physical force to push the victim down and hold her down by the neck as he continued to have sex with her, despite her attempts to get up and leave (see § 130.00 [8] [a]; People v Soto, 155 AD3d 1066, 1067 [2d Dept 2017], lv denied 30 NY3d 1120 [2018]). The evidence of forcible compulsion is also sufficient to establish lack of consent as an element of rape in the third degree (see § 130.25 [3]), and therefore it was not necessary for the People to establish that the victim clearly expressed a lack of consent (see § 130.05 [2] [a], [d]). In addition, the victim's testimony that defendant inserted his penis in her rectum was sufficient to establish anal sexual conduct as an element of criminal sexual act in the first degree (see § 130.50 [1]).
Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, we cannot conclude that " the jury failed to give the evidence the weight it should be accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]; see People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). Ultimately the jury was in the best position to assess the victim's credibility (see generally People v Ruiz, 159 AD3d 1375, 1375 [4th Dept 2018]), and we perceive no reason to reject the jury's credibility determination. Moreover, we "note that [the victim's] testimony was not so inconsistent or unbelievable as to render it incredible as a matter of law" (Edwards, 159 AD3d at 1426 [internal quotation marks omitted]).
We conclude that defendant's contention that the court abused its discretion when it permitted the adult victim to testify while accompanied by a dog is unpreserved because defendant did not object to that arrangement (see CPL 470.05 [2]; see generally People v Logan, 178 AD3d 1386, 1388 [4th Dept 2019]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Furthermore, we reject defendant's contention that defense counsel was ineffective for failing to object to that arrangement. Even assuming, arguendo, that defense counsel erred in not objecting to the court's decision to let the victim testify while accompanied by a dog (see People v Geddis, 173 AD3d 1724, 1726 [4th Dept 2019]), we conclude that the failure to object did not amount to ineffective assistance because, viewed in the totality of the representation, which resulted in one of the counts in the indictment being dismissed and defendant's acquittal of another count, that error was not sufficiently egregious as to deprive defendant of a fair trial (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v Turner, 5 NY3d 476, 480 [2005]).
Defendant's contention that he was deprived of a fair trial due to instances of prosecutorial misconduct on summation is unpreserved because defense counsel did not object to any of the purported improper comments (see People v Romero, 7 NY3d 911, 912 [2006]; People v Maxey, 129 AD3d 1664, 1666 [4th Dept 2015], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]). In any event, defendant's contention is without merit. Although it was improper for the prosecutor on summation to characterize defense counsel's summation as evincing "a Brock Turner mentality"—inflaming the passions of the jury by specifically referring to a recent sexual assault case of nationwide notoriety that involved allegations similar to those made against defendant (see generally People v Ashwal, 39 NY2d 105, 110 [1976]; People v Morgan, 111 AD3d 1254, 1256 [4th Dept 2013])—that sole comment, viewed in context of the prosecutor's entire summation, was not so egregious as to deprive defendant of a fair trial (see People v Fick, 167 AD3d 1484, 1485-1486 [4th Dept 2018], lv denied 33 NY3d 948 [2019]; see generally People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013]).
Although the improper comment at issue here does not warrant reversal, we nevertheless take this opportunity to remind the People that " [i]t is not enough for [a prosecutor] to be intent on the prosecution of [the] case. Granted that [the prosecutor's] paramount obligation is to the public, [he or she] must never lose sight of the fact that a defendant, as an integral member of the body politic, is entitled to a full measure of fairness. Put another way, [the prosecutor's] mission is not so much to convict as it is to achieve a just result' " (People v Bailey, 58 NY2d 272, 276-277 [1983], quoting People v Zimmer, 51 NY2d 390, 393 [1980]; see Morgan, 111 AD3d at 1256; see also People v Case, 150 AD3d 1634, 1637 [4th Dept 2017]). To that end, we emphasize that "[p]rosecutors play a distinctive role in the search for truth in criminal cases. As public officers they are charged not simply with seeking convictions but also with ensuring that justice is done. This role gives rise to special responsibilities—constitutional, statutory, ethical, personal—to safeguard the integrity of criminal proceedings and fairness in the criminal process" (People v Santorelli, 95 NY2d 412, 420-421 [2000]).
Contrary to defendant's further contention, we conclude that defense counsel's failure to object to the challenged comments did not constitute ineffective assistance because none of the challenged comments were so egregious as to deprive defendant of a fair trial (see People v Hendrix, 132 AD3d 1348, 1348 [4th Dept 2015], lv denied 26 NY3d 1145 [2016]; People v Black, 124 AD3d 1365, 1366 [4th Dept 2015], lv denied 26 NY3d 926 [2015]).
Defendant's contention that he was deprived of a fair trial based on the victim's outburst at defense counsel during cross-examination is unreviewable because, although defense counsel initially moved to strike that testimony, when the trial proceedings resumed following a break occasioned by the victim's outburst, defense counsel proceeded without requesting any further relief such as a curative instruction or a mistrial, effectively abandoning that contention (see People v Graves, 85 NY2d 1024, 1027 [1995]; People v Brown, 107 AD3d 732, 732 [2d Dept 2013], lv denied 22 NY3d 1039 [2013]; People v Harvin, 254 AD2d 29, 29-30 [1st Dept 1998], lv denied 93 NY2d 899 [1999]). We further conclude that defense counsel's failure to request a curative instruction or mistrial did not constitute ineffective assistance of counsel. Defense counsel referred to the victim's outburst on summation and argued that the victim was angry at being caught in a lie, which suggests that defense counsel had a strategic motivation in not seeking a curative instruction or mistrial. Thus, defendant failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged shortcoming (see generally People v Hogan, 26 NY3d 779, 785 [2016]; Caban, 5 NY3d at 152).
We reject defendant's contention that the court erred in determining that defendant was not eligible for youthful offender treatment upon his conviction of rape in the first degree and criminal sexual act in the first degree. The court based that determination on its finding that there were no mitigating circumstances that bore directly on the manner in which the crimes were committed, offenses in which defendant was the sole participant (see CPL 720.10 [2] [a] [iii]; [3]), and we conclude that the court did not thereby abuse its discretion (see People v Middlebrooks, 25 NY3d 516, 526-527 [2015]; People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court